United States District Court
Southern District of Texas
**ENTERED**
August 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARRY KEITH HALLEY, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>CAROLYN W. COLVIN, §<br>Acting Commissioner of the §<br>Social Security Administration, §<br>*Defendant*. § | CIVIL ACTION NO. 4:15-CV-02808 |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Barry Halley filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Commissioner's final decision denying his application for social security disability benefits. The matter was referred to this magistrate judge by District Judge David Hittner. Dkt. 8. Halley and the Commissioner moved for summary judgment. Dkt. 11, 13. After reviewing the record and the law, the Court recommends that Halley's motion be granted, the Commissioner's motion be denied, and this case be reversed and remanded to the Commissioner for an award of benefits.

## BACKGROUND

Halley filed a claim for social security disability benefits under Title II of the Act on August 22, 2012, alleging disability as of August 21, 2004. *See* Dkt. 7-4 at 8. Halley's application was denied, as was his subsequent request for rehearing. Dkt. 7-5 at 2; Dkt. 7-4 at 8. A hearing before an administrative law judge ("ALJ")

was held on October 23, 2013, and the ALJ denied the claim on November 26, 2013. Dkt. 7-3 at 33; Dkt. 7-4 at 5. The Appeals Council found that the ALJ did not adequately consider the opinion of Dr. Gerber, Halley's treating physician, and remanded the decision for, *inter alia*, further evaluation of opinion evidence from treating and non-treating sources. Dkt. 7-4 at 25. The ALJ again found that Halley was not disabled on April 1, 2015, and the Appeals Council denied review, making the ALJ's decision final. Dkt. 7-3 at 2, 7.

## ANALYSIS

*Legal Standard*

Section 405(g) of the Social Security Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard, and (2) the Commissioner's decision is supported by substantial evidence. *Id*. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the

questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)). "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council," and post hoc rationalizations in support of the decision are irrelevant. *See Newton*, 209 F.3d at 455.

*The ALJ's Decision*

The ALJ followed the usual five-step process to determine whether Halley was disabled.[1] At step one, the ALJ found that Halley had not engaged in gainful activity since his alleged onset date through his date last insured. Dkt. 7-3 at 12. At step two, the ALJ found that Halley's right shoulder capsular tear, malalignment of pelvis and sacrum, and post-traumatic stress disorder were severe impairments, but Halley's renal hydrophrosis, hypokalemia, and hypertension were either resolved or controlled through medication, and thus were not severe. *Id*. at 13. At step three, the ALJ found that these impairments did not equal the listing of impairments in Appendix 1. At step four, the ALJ found that Halley had the residual functional

---

[1] (1) Is the claimant currently engaged in substantial gainful activity, *i.e*., working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform his past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education, and work experience, is there other work he can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

3

capacity ("RFC") to perform light work with some moderate exertional limitations, but was unable to perform his past work. *Id.* at 18–19. Based on this RFC assessment, the ALJ concluded at step five that Halley was not disabled because there were a significant number of other jobs in the national economy that he could still perform. *Id.* at 19–20.

*The Treating Physician's Opinion*

In conducting her analysis, the ALJ assigned no weight to the significant workplace limitations assessed by Dr. Gerber, finding that the treating physician's opinion was "not consistent with other substantial evidence." *Id.* at 18. Dr. Gerber had completed a work capacity evaluation in May 2007, indicating that Halley suffered from limitations that severely impacted his ability to perform work during an eight-hour day, and that these limitations would be permanent. Dkt. 7-15 at 125. The opinion indicated that Halley's physical condition limited his ability to sit, walk, stand, reach above his shoulder, bend, and stoop. Specifically, the evaluation noted that Halley could work a mere three hours and 30 minutes sitting down, 30 minutes walking, and 30 minutes standing.

An ALJ normally must give controlling weight to the opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Newton*, 209 F.3d at 455. It is permissible for an ALJ to give a medical opinion

less weight, or even no weight, if there is good cause for doing so. *Greenspan*, 38 F.3d at 237 (citing *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). The Fifth Circuit has recognized good cause to disregard statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id.* If good cause does not exist, the ALJ is to conduct a six-factor analysis in weighing the opinion of the treating physician. *See Newton*, 209 F.3d at 456; 20 C.F.R. § 404.1527(c)(2).[2]

Halley argues that the ALJ's RFC determination is unsupported by substantial evidence, and the ALJ did not comply with the applicable law for social security decisions. Specifically, he argues that the ALJ erroneously rejected the opinion of Dr. Gerber because the ALJ did not perform a full § 404.1527(c)(2) analysis before discounting it. *See* Dkt. 12 at 8–11.

The Commissioner responds that such an analysis was not necessary because "the ALJ relied upon first-hand medical evidence when assigning 'no weight' to Dr. Gerber's May 2007 opinion." Dkt. 13-1 at 8. The ALJ asserted that the opinion was inconsistent with and contradicted by Dr. Gerber's treatment notes regarding Halley's daily living activities. *See* Dkt. 7-3 at 18. The ALJ provided a single example in support of her finding:

---

[2] The six factors are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(c)(2).

> For example, in the follow-up note of April 30, 2007, Dr. Gerber reported that the claimant was very actively doing his exercise program with stretching and that he was walking. The claimant's shoulder range had remained unchanged and he had diminished power on the right side. His left hip had abnormal external rotation but the claimant was far stronger and his hip ranges were better (Exhibit 19F/2). Although this evidence is indicative of some limitations, it does not support Dr. Gerber's assessed significant limitations. The undersigned thus gives Dr. Gerber's opinion no weight. The claimant admitted to walking for exercise and then the doctor said he is unable to walk more than 30 minutes overall in an eight hour workday, those are not consistent.

*Id.*

The ALJ's decision to disregard Dr. Gerber's opinion is not supported by substantial evidence. Unlike Dr. Gerber's May 2007 opinion, which established quantitative limitations on Halley's ability to walk and stand, Dr. Gerber's treatment notes were merely qualitative in their descriptions of Halley's activities. The notes cited by the ALJ described Halley as "still very actively doing his exercise program with stretching and he is walking." Dkt. 7-15 at 126. However, the notes did not specify whether the walking was done during physical therapy or in an everyday setting, how long Halley walked for, or the pace at which Halley walked. *See* Dkt. 7-15 at 126. Without further details regarding the *extent* of Halley's exercise regimen, it is unclear how the vague, generalized descriptions contained in the treatment notes controverted the specific physical limitations detailed in Dr. Gerber's evaluation. At the very least, the ALJ should have sought additional clarification from Dr. Gerber before discrediting his opinion as

unsupported by the medical record. *See* 20 C.F.R. § 404.1520b(c) (the ALJ can resolve inconsistency or insufficiency in the record by seeking clarification from a medical source).

Moreover, Dr. Gerber's treatment notes support his ultimate evaluation. In the March 2007 notes, Dr. Gerber described Halley as continuing the "very active exercise program with stretching" and able to walk "approximately a quarter mile." Dkt. 7-15 at 127. In the April 2007 notes cited by the ALJ, Dr. Gerber wrote that Halley's left hip remains abnormal with external rotation, that Halley "ha[d] limitations throughout," and was wearing special inserts in his shoes. *Id.* Dr. Gerber also noted that he would be relocating Halley to another private clinic in order to increase his physical therapeutic interventions. *Id.* All of this evidence indicates that, although Halley was actively participating in physical therapy, his ability to walk was greatly limited, and he could not walk for long distances or periods of time.

The ALJ cited no other evidence in the record to support her finding that Dr. Gerber's opinion was inconsistent with other medical evidence. Notably, the ALJ omitted any discussion of the opinions of two consulting physicians, Dr. Sahi and Dr. Abu-Nasser, describing limitations consistent with Dr. Gerber's evaluation. *See* Dkt. 7-15 at 60; Dkt. 7-16 at 80–81, 87, 91. Each consulting opinion provided further insight into Halley's limitations and supported Dr. Gerber's restrictions on

standing and walking at work. Thus, this was not a case where there was "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist." *Newton*, 209 F.3d at 453. Dr. Gerber's opinion was supported by objective medical evidence, and the ALJ did not have good cause to reject it out of hand.

Lacking good cause, the ALJ was required to consider the § 404.1527 factors before declining to give weight to Dr. Gerber's opinion. *See Newton*, 209 F.3d at 456. Aside from a conclusory, boilerplate citation to the regulation (Dkt. 7-3 at 17),[3] nothing in the ALJ's decision suggests that she performed the requisite six-factor analysis. Accordingly, the ALJ did not apply the correct legal standard, and her decision is not supported by substantial evidence.

*The Appropriate Remedy*

Under sentence four of 42 U.S.C. § 405(g), district courts have the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." This provision gives the courts "wide discretion" to remand a case for further proceedings or dispose of the case without remand. *See Davis v. Colvin*, 603 F. App'x 257, 258 (5th Cir. 2015); *Bordelon v. Barnhart*, 161 F. App'x 348, 353 n.12 (5th Cir. 2005).

---

[3] The ALJ also cited the regulation before the Appeals Council remanded the case for consideration of the § 404.1527 factors. *See* Dkt. 7-4 at 13.

In deciding which course to pursue, it is highly significant that the Appeals Council previously remanded this case to the ALJ with instructions to "evaluate the treating and non-treating source opinions pursuant to the provisions of 20 CFR § 404.1527 and Social Security Rulings 96-2p and 96-5p." Dkt. 7-4 at 26. As demonstrated above, the ALJ failed to comply with these pointed instructions. In light of this history, little would be gained by prolonging this dispute with another round of proceedings. The record of Halley's disability is well-developed, and the opinions of his treating and examining physicians are consistent with a limitation to a sedentary level of exertion which, given Halley's age and other limitations, would result in a finding that he is disabled under Grid Rule 201.14. *See* Dkt. 12 at 10–11. Under these circumstances, the proper remedy is to reverse and remand for an award of benefits.

## **RECOMMENDATION**

For these reasons, Halley's motion should be granted, the Commissioner's motion denied, and the case reversed and remanded to the agency for an award of disability insurance benefits.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections precludes appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on August 11, 2016.

_____
Stephen Wm Smith
United States Magistrate Judge